**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DESHANON HAYWOOD,** | ) | **CASE NO. 5:19-CV-1016** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **CHAE HARRIS,** | ) | |
| | ) | |
| Respondent. | ) | |

This case is before the Court on the Report and Recommendation ("R & R") of Magistrate Judge Greenberg, Doc. #: 21. The Magistrate Judge recommended that the Court dismiss the Petition of Deshanon Haywood for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Haywood timely filed Objections to the R & R, Doc. #: 22. The Court has carefully reviewed the R & R and Haywood's Objections, and hereby **OVERRULES** Haywood's Objections and **ADOPTS** the R & R in full. Haywood's Petition is **DISMISSED**.

### I.     Background

Haywood raised two grounds for relief in his Petition:

GROUND ONE: Petitioner's due process, double jeopardy, and fair-trial rights were violated through prosecutorial misconduct related to, and judicial exclusion of, the fully qualified and selected jury.

GROUND TWO: Petitioner's rights to counsel and against self-incrimination were violated through a non-*Mirandized* custodial interrogation.

Haywood objects to the Magistrate Judge's recommendations as to both grounds. Doc. #: 22. Haywood does not object to the summary of facts or the procedural history, and the Court adopts these portions of the R & R.

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews *de novo* the portions of the R & R to which Haywood objects.

**II.     Ground One**

In Ground One of his Petition, Haywood asserts the state court's failure to impanel the first jury violated his due process, double jeopardy, and fair trial rights. Haywood objects to the Magistrate Judge's recommendation to dismiss this ground of the petition, arguing Supreme Court precedent clearly establishes due process and double jeopardy principles "required the first fully qualified and lawfully selected jury, and only that jury, to decide this case." Doc. #: 22 at 4. Haywood asserts Supreme Court precedent establishes judicial bias could not have been at play and the prosecution's acts to delay impaneling the first jury were pretextual. *Id.* at 7.

Haywood relies on a string of Supreme Court cases to support of his argument that he had a "valued constitutional right" to the first jury and that jury "*had* to try the case," but he offers no explanation as to how those cases bear on the argument that failure to impanel the first jury violated his due process or fair trial rights. *See* Doc. #: 22 at 5–6. None of the cited cases dictate when a trial judge must impanel a jury or when failure to do so is a denial of any constitutional right. *See Crist v. Bretz*, 437 U.S. 28, 37–38 (1978) (holding jeopardy does not attach until a jury is impaneled and sworn); *Batson v. Kentucky*, 476 U.S. 79, 89 (1986); (holding the Equal Protection clause forbids the prosecution from challenging potential jurors solely on account of their race); *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988) (holding defendant's use of peremptory challenge to achieve impartial jury does not violate the Sixth Amendment); *Rose v. Clark*, 478 U.S. 570, 577

2

(1986) (addressing harmless error doctrine); *Oregon v. Kennedy*, 456 U.S. 667, 671–72 (1982) (addressing how double jeopardy applies when defendant seeks mistrial); *Tumey v. Ohio*, 273 U.S. 510, 534 (1927) (holding that a trial before a judge with substantial pecuniary interest in the case denies due process). None of these cases clearly establish Haywood had a constitutional right to trial by the first jury.

In further support of his argument that the trial court had to impanel the first jury, Haywood argues there was no risk of judicial bias if trial had occurred before the first jury. Obj. at 6–7. Again, he offers no Supreme Court precedent establishing that the trial court's dismissal of the jury without first finding bias "firmly established" denied him due process or a fair trial. *See id.* at 5. As noted by the state appellate court, the authority to determine whether the trial judge was biased rests exclusively with the Ohio Supreme Court. *State v. Haywood*, 99 N.E.3d 916, 925–26 (Ohio Ct. App. 2017). Accordingly, neither that court nor the Magistrate Judge nor this Court are empowered to decide whether the prosecution established that the first trial judge was biased. Moreover, even if Haywood is correct that there was no risk of bias, he has not demonstrated it was an abuse of discretion for the second trial judge to dismiss the first jury and re-start jury selection. *See Berk v. Matthews*, 559 N.E.2d 1301, 1309 (Ohio 1990) (holding qualification of jurors "is a discretionary function of the trial court"); *State v. Trummer*, 683 N.E.2d 392, 396 (Ohio Ct. App. 1996).

Haywood likewise provides no support for his argument that the prosecution's acts to delay the impaneling of the first jury were pretextual or that "government action cannot delay the attachment of jeopardy." *See* Doc. #: 22 at 7. His argument seems to be that because there was not in fact risk of judicial bias, the prosecution's bias claim merely was pretext to delay the attachment of jeopardy. As stated, no court that has reviewed Haywood's case can adjudicate whether the first

3

trial judge was biased; whether the state would have succeeded on its bias claim is unknowable. But the state's motion was supported with record evidence, and Haywood has not provided any evidence of pretext. Moreover, Haywood provides no support for the suggestion that the allegedly pretextual actions of the prosecution could or did, on their own, violate a constitutional right.

Finally, the failure to impanel the first jury did not implicate the protection from double jeopardy. The rule established in *Crist*—that jeopardy attaches when the jury is empaneled and sworn—"reflects and protects the defendant's interest in retaining a chosen jury," but that rationale does not allow this Court to hold jeopardy attaches at any time before the jury has been impaneled and sworn. The Supreme Court in *Crist* made clear that it was articulating a bright line rule, and it rejected the notion that "the point of attachment of jeopardy could be moved a few steps forward or backward without constitutional significance."[1] *Id.* at 37–38. Haywood acknowledges the first jury was not impaneled or sworn. Doc. #: 22 at 8 (stating trial court "failed to impanel" the first jury). Thus, jeopardy did not attach, and Haywood's protection from double jeopardy is not implicated.

Haywood has not shown his trial was conducted contrary to any clearly established law regarding due process, fair trial, and double jeopardy rights. The Magistrate Judge correctly applied precedent when evaluating Ground One of the Petition, and the Court agrees Ground One should be dismissed. Accordingly, Haywood's objection is overruled.

## III.   Ground Two

In Ground Two of his Petition, Haywood claims his right to counsel and against self-incrimination were violated through a non-*Mirandized* custodial interrogation. Haywood objects

---

[1] The Court implicitly rejected a theory that would attach jeopardy when jury selection begins. *Id.* at 37 n.16 (citation omitted).

4

to the Magistrate Judge's recommendation that this ground be dismissed because it is procedurally defaulted. The state appellate court declined to address Haywood's *Miranda* claims because it determined he did not comply with Ohio R. App. P. 12(A)(2) and 16(A)(7). Rule 12(A)(2) permits the court of appeal to disregard an assignment of error if the party raising it "fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately" as required under Rule 16(A). Rule 16(A)(7) requires the appellant to include argument with respect to each assignment of error and reasons in support of the contentions, with citations to the record.

A claim may be procedurally defaulted by failure to comply with state procedural rules when presenting a claim to the appropriate state court. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). To find failure to follow a state procedural rule precludes a habeas claim, a court must first determine whether (1) a state procedural rule applies and petitioner failed to comply with it; (2) the state courts enforced the state procedural sanction; and (3) the rule is an "adequate and independent" state ground that can foreclose review of a federal constitutional claim. *Id.* at 138. Haywood's Petition and Objection address prongs one and three.

The Magistrate Judge considered Haywood's argument a challenge under prong one and agreed with the state appellate court's determination that Haywood did not comply with the applicable procedural rules. R.R. at 23–24. The R & R further states, "it is undisputed that Ohio App. R. 16(A)(7) is an adequate and independent ground of decision." *Id.* at 24 n.5. Haywood does not argue the state procedural rules did not apply to his appeal, but he claims the Magistrate Judge improperly deferred to the state court's application of the rules and his appellate pleadings did not violate them. Obj. at 10–15. Further, he argues deference was not appropriate because the federal court must determine whether the state court judgment rests on inadequate and independent state

5

grounds. But he does not challenge the Magistrate Judge's conclusion that the state appellate court's decision rested an adequate and independent state grounds, *see* Obj. at 9–10, and the Magistrate Judge correctly relied on precedent establishing that Rules 16(A)(7) and 12(A)(2) are adequate and independent grounds of decision, *see* R & R at 24 n.5 (collecting cases).

While the Magistrate Judge expressed deference to the state appellate court, the R & R also includes analysis of the procedural rules and Haywood's arguments that he satisfied them. *See* R & R at 23–24 (discussing Haywood's appellate brief and the lack of discussion of the content of the police interview and failure to identify specific statements). As the Magistrate Judge noted, in the Petition Haywood did not identify authority supporting that his appellate brief satisfied the applicable procedural rules. R & R at 24. The Court agrees that the record shows Haywood's appellate brief did not comply with these rules because Haywood did not identify the statements he was challenging or the prejudice he suffered from their use.

The procedural rules applied by the state appellate court are adequate and independent grounds of decision, and Haywood did not comply with them. Accordingly, the Court agrees with the Magistrate Judge that Ground Two of the Petition is procedurally defaulted.

### IV.     Certificate of Appealability

Haywood requests a certificate of appealability on both grounds for relief. A petitioner seeking a certificate of appealability must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Haywood correctly states the legal standard for a certificate of appealability, and then he merely states a certificate should issue because he does not have to show he will succeed on appeal. Obj. at 21. Haywood has not argued or shown reasonable jurists could disagree or that the claims are adequate to proceed, and he has thus not made the requisite substantial showing of the denial of a constitutional right. Accordingly, the Court will not grant a certificate of appealability.

**V.  Conclusion**

For the foregoing reasons, the Court **OVERRULES** Petitioner's Objections (Doc. #: 22); **ADOPTS** Magistrate Judge Greenberg's Report and Recommendation (Doc #: 21); **DENIES** the underlying Petition for Writ of Habeas Corpus (Doc. #: 1); and **DENIES** the request for a Certificate of Appealability.

**IT IS SO ORDERED.**

      /s/ Dan Aaron Polster  January 25, 2021
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**